# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PABLO ROMERO, also known as Pablo Gilberto Romero-Flores, also known as "Sonny",

Defendant - Appellant.

No.  02-10399

D.C. No.  CR-00-00186-WJR

**JUDGMENT**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 6 2005

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that We remand for resentencing pursuant to U.S. v. Booker. **AFFIRMED**.

Filed and entered Wednesday, January 19, 2005

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

FEB 1 0 2005

by: _____
Deputy Clerk

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**F I L E D**

JAN 1 9 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> PABLO ROMERO, also known as Pablo Gilberto Romero-Flores, also known as Sonny, <br><br> Defendant - Appellant. | No. 02-10399 <br><br> D.C. No. CR-00-00186-WJR <br><br> SUPPLEMENTAL MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
William J. Rea, District Judge, Presiding

Argued and Submitted November 5, 2003
Honolulu, Hawaii

Before: BROWNING, REINHARDT, and THOMAS, Circuit Judges.

Pablo Romero appeals his conviction for conspiracy to distribute heroin

(Count 1) and aiding and abetting in the possession with intent to distribute heroin

(Count 20). Romero contends that the jury instructions impermissibly amended

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Count 20 of the First Superseding Indictment in violation of the Fifth Amendment.

Romero also contends that the jury's guilty verdicts on Counts 1 and 20 of the

First Superseding Indictment were inconsistent, and thus must be reversed for

insufficient evidence. For the following reasons, we AFFIRM the conviction.

## A.    *Factual Background*

In mid-1998, the DEA received information regarding the drug trafficking

activities of Felipe Ruiz-Castro and Francisco Mora-Garcia in Hawaii, resulting in

a massive drug investigation and prosecution. The investigation revealed that

Romero served as a heroin distributor on Maui for Jorge Salazar in 1999 and 2000.

At this time, Romero's girlfriend was Melinda Vanetten. Vanetten would often

accompany Romero to Salazar's home, where she witnessed Romero give Salazar

around $200 at least once a week, and also witnessed Salazar give Romero

quantities of heroin for him to distribute. Vanetten accompanied Romero in his

car as he distributed heroin on Maui to ten to twelve clients.

In March 2000, Romero asked Vanetten to travel to California to collect

heroin. After Romero threatened to end their relationship if she refused, Vanetten

agreed to go on the trip. Romero took Vanetten to Salazar's home, where Salazar

told her that she was to meet Jessica Guzman-Soto in California and give her

$3000 for an amount of heroin. Vanetten was given a plane ticket for the trip, and

a pair of shoes with hollowed-out heels in which she was to smuggle the heroin

back to California. Romero accompanied her to the Kahului airport.

In Los Angeles, Vanetten was picked up by Guzman-Soto. They hid the

heroin in the hollowed out heels of Vanetten's shoes and in her pants. As she

arrived at the Ontario airport to return to Hawaii, she was arrested by federal

agents, who found the heroin. Without explanation, Vanetten was released from

custody. She returned to her hotel room, and attempted to call Romero. After

failing to reach him, Vanetten called Salazar, told him about the arrest, and asked

for money for a return ticket. Vanetten also asked Salazar to tell Romero about

the arrest. Salazar and Romero wired her the money she requested. When

Vanetten returned to Hawaii, Romero picked her up. On April 8, 2000, Romero

was arrested along with several co-defendants during a raid of Salazar's home.

On May 25, 2000, the Government filed a First Superseding Indictment

against Romero and 22 co-defendants.[1] During Romero's trial, five co-defendants,

---

[1] The 56-count First Superseding Indictment charged Romero with:
(a) conspiring with Salazar and others to distribute more than 100 grams of heroin
and a quantity of cocaine (Count 1); (b) distributing heroin (Count 3);
(c) possessing heroin with the intent to distribute (Count 5); (d) aiding and
abetting the possession of in excess of 100 grams of heroin with intent to
distribute on March 31, 2000 (Count 20); (e) using a communications facility
(telephone) in causing the commission of a conspiracy to distribute heroin (Counts
26, 27, 28, 31, 32, 36, 42, and 51); and (f) unlawfully reentering the United States
after being deported previously (Count 53).

each of whom had previously signed plea agreements with the Government,
testified concerning Romero's participation in the conspiracy. Vanetten was one
such witness. Other witnesses included various law enforcement officials who
participated in the investigation, whose testimony corroborated much of the
testimony given by the various co-defendants.

The jury returned a verdict finding Romero guilty of all charges against him,
except for Counts 5, 26, and 42. With respect to Count 5, the jury found him
guilty of the lesser included offense, possession. On June 27, 2002, the district
court sentenced Romero to a 98-month prison term, to be followed with five years
supervised release.

**B.**    *Constructive Amendment*

In Count 20, the Indictment alleged that on March 31, 2000, Romero and
several co-defendants aided and abetted each other in the possession with intent to
distribute over 100 grams of heroin. Romero asserts that the the relevant jury
instructions constructively amended Count 20 in violation of the Fifth Amendment
because: (1) they did not include the date of the transaction; (2) they did not
specify the identities of the co-defendants allegedly involved in the transaction;
and (3) they stated that Romero could be convicted if the amount of heroin
involved in the transaction was more or less than 100 grams.

Typically, we review an allegation that the district court constructively amended an indictment de novo. United States v. Pisello, 877 F.2d 762, 764 (9th Cir. 1989). Because Romero failed to object to the district court's jury instructions, however, we review for plain error only. United States v. Dipentino, 242 F.3d 1090, 1094 (9th Cir. 2001); United States v. Jimenez-Borja, 363 F.3d 956, 961 (9th Cir. 2004), amended by - - - F.3d - - -, 2004 WL 1730280 (9th Cir. Aug. 3, 2004) (concluding that a constructive amendment did not constitute plain error). Under United States v. Olano, 507 U.S. 725 (1993), we may reverse a district court only if: (1) there was error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 732-36.

The jury instructions constituted plain error. They impermissibly broadened the scope of Count 20 to cover any act of aiding and abetting at any time, regardless of the particular transaction involved or the amount of contraband. Since the Indictment alleged and the Government presented evidence concerning numerous heroin transactions, Romero could have been convicted on the basis of the jury's belief that he aided and abetted a heroin transaction other than the March 31 transaction charged in Count 20. See Howard v. Daggett, 526 F.2d 1388, 1390 (9th Cir. 1975). As a result, the error potentially affected Romero's substantial rights.

5

However, Romero's claim fails under the fourth prong of the <u>Olano</u> standard. Following the Supreme Court's decision in <u>Johnson v. United States</u>, 520 U.S. 461 (1997), we have held that "[i]n conducting our review of this [fourth] element, we consider all circumstances at trial including the strength of the evidence against the defendant," <u>United States v. Perez</u>, 116 F.3d 840, 847 (9th Cir. 1997) (en banc) (internal quotation omitted), and "the strength of the evidence in support of the element omitted from the instructions." <u>United States v. Anderson</u>, 201 F.3d 1145, 1152 (9th Cir. 2000); <u>see also</u> <u>United States v. Barajas-Montiel</u>, 185 F.3d 947, 953 (9th Cir. 1999) (no prejudice where evidence overwhelmingly demonstrated the intent erroneously omitted from the jury instructions); <u>United States v. Leon-Reyes</u>, 177 F.3d 816, 823 (9th Cir. 1999) (prosecutor's improper comments at trial did not affect the fairness of the trial where evidence was overwhelming).

At trial, the Government presented overwhelming evidence that Romero was involved in the March 31 transaction. Vanetten's testimony described Romero's involvement in the March 31 transaction at length. Specifically, Vanetten testified that Romero and Salazar approached her in March 2000, asking her to make a trip to California to smuggle heroin replacing Salazar's girlfriend as a drug courier. Vanetten stated that Romero threatened to end their relationship if

she refused to go on the trip. Vanetten testified that prior to her departure,

Romero brought her to Salazar's house, where Salazar gave her instructions and a

plane ticket to California. Vanetten also testified that Romero drove her to the

airport on March 30, 2000. After she was arrested and released in California on

March 31, 2000, Vanetten first called Romero to tell him of her arrest. After

failing to reach him, she called Salazar to ask for money for her return trip.

Vanetten testified that Romero picked her up when she returned to Hawaii.

Vanetten's testimony concerning Romero's involvement in the March 31

transaction was corroborated by several wiretaps of conversations between

Vanetten, Romero, and Salazar played during trial. For instance, Vanetten

testified that Guzman-Soto was to meet her at her hotel in California to initiate the

drug exchange on March 30, 2000. That day, a wiretap intercepted a phone

conversation between Romero and Salazar, in which Romero informed Salazar of

Vanetten's hotel and room number in an effort to facilitate the transaction. Later

that same day, the wiretap recorded a conversation between Romero and Salazar,

asking Salazar whether Vanetten had successfully collected the heroin. A wiretap

also recorded Vanetten's call to Salazar on March 31, 2000, when she requested

money for her return trip to Hawaii. During trial, the Government presented a

7

Western Union receipt that demonstrated that Romero was the person who wired her that money.

Moreover, it is unlikely that the jury was confused about which heroin transaction was at issue in Count 20. During both the Government's opening and closing argument, the Government expressly stated that Count 20 involved only the March 31 transaction, and outlined for the jury the overwhelming evidence of Romero's participation in that transaction. The defense also reminded the jury in its closing argument that Count 20 involved the March 31 transaction only, and argued extensively that the evidence established only that Vanetten decided to go to California on her own and without Romero's consent.

Although the jury instructions concerning Count 20 constituted plain error, Romero's conviction must be affirmed under <u>Olano</u> because of the overwhelming evidence introduced concerning Romero's involvement in the planning and execution of the March 31 transaction.

## C.    *Consistency of Verdicts on Counts 1 and 20*

Romero argues that the guilty verdicts on Counts 1 and 20 were impermissibly inconsistent. Romero asserts that a criminal defendant cannot be convicted of a crime and aiding and abetting the commission of that crime. From this premise, Romero contends that because the Government charged Romero as a

principal in Count 1 for conspiring with 22 co-defendants to possess with intent to distribute more than 100 grams of heroin, the Government could not also charge him with aiding and abetting in the commission of an overt act of that conspiracy, i.e., Vanetten's attempted smuggling 90.64 grams of heroin on March 31, 2000.

The gravamen of Romero's argument is that he was charged for the same offense twice. However, an individual can be charged and convicted for both conspiracy and an underlying substantive offense committed in furtherance of that conspiracy without violating the Double Jeopardy Clause. United States v. Felix, 503 U.S. 378, 390 (1992) (quoting United States v. Bayer, 331 U.S. 532, 542 (1947)) ("[T]he same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself."). It was not inconsistent or impermissible for the jury to convict Romero of the conspiracy (Count 1), and an underlying overt act of the conspiracy (Count 20).

We remand for resentencing pursuant to United States v. Booker, No. 04-104, 543 U.S. --, (Jan. 12, 2004).

**AFFIRMED.**

9

INTERNAL USE ONLY: Proceedings include all events.
02-10399 USA v. Romero

UNITED STATES OF AMERICA                Thomas C. Muehleck, AUSA
        Plaintiff - Appellee           808/541-2850
                                        Suite 6-100
                                        [COR LD NTC aus]
                                        Loretta A. Sheehan, AUSA
                                        808/541-2850
                                        Suite 6-100
                                        [COR LD NTC aus]
                                        USH - OFFICE OF THE U.S.
                                        ATTORNEY
                                        PJKK Federal Building
                                        300 Ala Moana Blvd.
                                        P.O. Box 50183
                                        Honolulu, HI 96850


    v.

PABLO ROMERO                            Georgia K. McMillen, Esq.
aka                                     808/891-9393
Pablo Gilberto Romero-Flores            [COR LD NTC cja]
aka                                     P.O. Box 1512
"Sonny"                                 Wailuku, HI 96793
        Defendant - Appellant